UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARREN IRVINE                                                                                    PETITIONER

V.                                               CIVIL ACTION NO. 3:23-CV-220-KHJ-MTP

MAJOR UNKNOWN MCCARTHY                                                         RESPONDENT

ORDER

This matter is before the Court sua sponte for case management purposes. For the reasons stated, the Court dismisses this case without prejudice.

Pro se Petitioner Darren Irvine initiated this habeas action on January 17, 2023, while he was a pretrial detainee at the Lauderdale County Detention Center. Compl. [1], No. 3:23-CV-40.[1] On August 1, the Court ordered him to amend his Petition by August 15. Order [5] at 1. Having received no response, the Court entered an Order to Show Cause, directing Irvine to respond by September 12. [7] at 1.[2] Irvine still did not respond, so the Court entered a Second Order to Show Cause, giving him one more chance to comply. [10]. The Court set a new deadline of October 10, *id.*, but Irvine has not responded or otherwise contacted the Court.

The Court may dismiss an action for failure to prosecute or comply with an Order. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.

---

[1] The Petition was originally filed in civil action number 3:23-CV-40. Compl. [1], No. 3:23-CV-40. Because it contained both 42 U.S.C. § 1983 and habeas claims, the latter were severed and opened in this action on March 31, 2023. Order [3] at 1–2; Pet. [1].

[2] All Orders [5, 7, 10] were mailed to Irvine's address of record, but only the Second Order to Show Cause was not returned as undeliverable.

1988) (per curiam) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. Dismissal for failure to prosecute is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

The Court has given Irvine multiple chances to comply. He has failed to respond, provide a change of address, or otherwise contact the Court. The Court therefore dismisses this case without prejudice under Rule 41(b) for failure to prosecute and obey Court Orders.

For the reasons stated, the Court DISMISSES this case without prejudice. The Court will issue a final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Irvine at his address of record.

SO ORDERED, this 24th day of October, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE